# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONNIE COLLINS,**

    **Petitioner,**

v.                              **Civil Action No. 3:13cr44**
                                      **Criminal Action No. 3:15cv22**
                                      **(GROH)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 2, 2015, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Pursuant to a Notice of Deficient Pleading, on March 24, 2015, the petitioner filed his motion on a court-approved form. On March 25, 2015, the undersigned determined that summary dismissal of the petition was not warranted and the respondent was directed to file an answer. The government filed its response on April 23, 2015. ECF No. 77. On February 4, 2016, the petitioner moved for appointment of counsel. By Order entered on February 9, 2016, petitioner's motion for appointed counsel was denied. ECF No. 80. On June 17, 2016, the petitioner filed a motion to appoint counsel to amend or supplement his § 2255 motion to include a claim for relief under Johnson v. United States.[1] ECF No. 82. On June 30, 2016, the petitioner filed a letter motion to amend or supplement his § 2255 motion to include a claim for relief under Johnson v. United States.[2] ECF No. 84. Petitioner never filed a reply to the government's response to his original § 2255 motion.

---

[1] Johnson v. United States, 135 S.Ct. 2551 (2015).

[2] The petitioner previously raised the Johnson issue in a § 2241 petition filed in this Court. However, in the May 9, 2016 dismissal order entered in that action, he was advised that his case was being dismissed without prejudice to

## II. Facts

### A. Conviction and Sentence

On December 10, 2013, pursuant to a written plea agreement[3] and a Rule 11 hearing, the petitioner entered a guilty plea before the undersigned in open court to Count Five of a five-count indictment, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1).

At the Rule 11 hearing, the petitioner testified that he could read, write, and understand English. ECF No. 57 at 3. He denied having taken any medicine, drugs, or alcohol that day. Id. Petitioner testified that he was 28 years old and had gone as far as the ninth grade in school. Id. at 4. He denied ever having been treated for mental illness. Id. He admitted to having been treated for addiction to drugs or alcohol, but denied that that treatment interfered in any way with his ability to understand the proceedings. Id.

The Government summarized each paragraph of the plea agreement for the Court. Id. at 5 – 9. The Court then asked petitioner whether he understood and agreed with the terms contained in the agreement and the petitioner said yes. Id. at 10 - 11. The Court asked the petitioner if anything further had been agreed to that was not contained in the plea agreement, and petitioner denied that there was anything further. Id. at 10. The Court specifically asked the petitioner if he understood the stipulation that he had agreed to, to waive the right to ask for departures under Sentencing Guideline 5H or 5K, and the petitioner said that he did. Id. The Court asked the petitioner if he understood the consequences of pleading guilty and he said that he did. Id.

---

his right to seek leave to amend this pending § 2255 to include his Johnson claim, and that that he had till June 26, 2016 in which to do so. See Case No. 5:16cv59, ECF No. 5 at 4.

[3] The petitioner's plea agreement did not include a waiver of his appellate and collateral attack rights.

The Court reviewed all the rights petitioner was giving up by pleading guilty. Id. at 14 – 16. The Government presented the testimony of Special Agent Donald Lockhart, of the Bureau of Alcohol, Tobacco, Firearms and Explosives, to establish a factual basis for the plea. Id. at 17 – 19. Special Agent Lockhart specifically testified that prior to December 16, 2010, the date that the firearms petitioner was charged with possessing were seized, incident to a search warrant, the petitioner had already accrued criminal convictions in the State of Maryland, each of which carried penalties of imprisonment for more than one year. Id. at 17 - 18. The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, petitioner advised the Court that he was guilty of Count 5 of the indictment. Id. at 19. Petitioner further stated under oath that no one had threatened, coerced, or harassed him to get him to plead guilty. Id. In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. Id. Petitioner also testified that his attorney had fully and adequately represented him, and had left nothing undone. Id. at 20. Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. Id. When the Court asked if defense counsel knew of any defense to the charges in Count 5 to which the petitioner was pleading, defense counsel stated that he did not. Id.

At the conclusion of the hearing, the Court determined that the plea was freely and voluntarily made, that petitioner was competent and capable of entering an informed plea, understood the consequences of pleading guilty. Id. at 20 – 21. Petitioner did not object to the Court's finding.

On April 8, 2014, the PreSentence Investigation Report ("PSR") was filed. ECF No. 48. Paragraph 53 of the PSR provides in pertinent part as follows:

Chapter Four Enhancement: The offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. Therefore, the defendant is an Armed Career Criminal and is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(3). The defendant possessed the firearm in connection with a controlled substance offense. Therefore, the offense level is adjusted to 34, pursuant to USSG § 4B1.4(b)(3)(A).

ECF No. 48 at 10.

On March 21, 2014, a sentencing hearing was held. At the beginning, this colloquy was had:

THE COURT: Mr. Collins, in the not so recent past you had filed, I believe, a letter, basically indicating that you would prefer to have new counsel?

THE DEFENDANT: Yes, ma'am.

THE COURT: What's the basis for that?

THE DEFENDANT: It is not anymore. I just was feeling - I was upset with myself and the decision that I thought he was making. But when I read over my paperwork and everything, it just - - nothing is going to change whether I got new counsel or not.

THE COURT: So you're prepared, and you're asking this Court to proceed with Mr. Compton as your Court appointed counsel?

THE DEFENDANT: Yes. Yes, ma'am.

THE COURT: Was it one of those situations where he gave you some advice, and still knowing it was your decision, you disagreed with his advice maybe?

THE DEFENDANT: It was just everything in general. The plea agreement, and just mad at myself, and things that went on.

THE COURT: Okay.

THE DEFENDANT: And I was taking it out on the wrong person.

THE COURT: Meaning Mr. Compton?

THE DEFENDANT: Yes, ma'am.

4

> THE COURT: Do you think he's been doing a good job for you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay. Are you satisfied with the representation he's given you thus far?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay. So you are prepared and you would like to proceed with him as your counsel?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. I think we're fine proceeding today then. It sounds like Mr. Collins was aggravated with the situation that he found himself in, and with time to contemplate and think about Mr. Compton's service to him, he's come around and decided he wants to proceed with him as his counsel. Are you ready to proceed as such, Mr. Compton?
>
> THE DEFENDANT: I'm ready to proceed, Your Honor.

ECF No. 58 at 4 - 5. Thereafter, defense counsel and the petitioner each advised the Court that they had gone over the PSR together in preparation for the issues to be addressed that day. Id. at 5 – 6. Defense counsel then presented an objection regarding the PSR's finding that the petitioner was an Armed Career Criminal, raising a challenge to the petitioner's predicate convictions from the State of Maryland. Id. at 6 – 14. After extended discussion with the Assistant U.S. Attorney ("AUSA"), the probation officer, the Court and counsel, it was agreed that the PSR needed further investigation and possibly an addendum, and that the sentencing hearing should be continued. Id. at 22 – 28.

On April 7, 2014, the sentencing hearing reconvened. The Court heard argument from counsel and then ruled against defense counsel's objection to petitioner's having the requisite qualifying predicate convictions to be an Armed Career Criminal. The Court ruled that the PSR would not be amended. ECF No. 59 at 27 - 28. The Court found that pursuant to USSG

2K2.1(a)(2), petitioner had a base offense level of 24, and because his offense involved three firearms, under Guideline 2K2.1(b)(1)(A), two levels were added. Further, because petitioner possessed the firearms in connection with the felony offenses of distribution with intent to distribute heroin [sic],[4] four additional levels were added under 2K2.1(b)(6)(B), giving him an adjusted offense level of 30. Next, because the offense of conviction was a violation of 18 U.S.C. § 922(g) and petitioner already had three prior convictions for violent felonies or serious drug offenses, which were committed on different occasions, he was deemed an Armed Career Criminal and was therefore subject to a Chapter 4 enhancement under the provisions of 18 U.S.C. § 924(e). Accordingly, his offense level was adjusted to 34, pursuant to USSG § 4B1.4(b)(3)(A). However, he then received a two-level reduction for acceptance of responsibility, and a further third level reduction was granted on the Government's motion, for a total offense level of 31. Petitioner's criminal history category was VI, based on 21 points, which, along with his total offense level of 31, gave him an applicable sentencing range of 188 months to 235 months imprisonment, to be followed by supervised release of two to five years. Id. at 30 - 31. Neither party raised any further objection to the Court's tentative findings, other than defense counsel's previous objection. Id. at 31.

After hearing argument from defense counsel for leniency and a request for the 180 month mandatory minimum sentence [Id. at 32 – 35], and argument from the AUSA recommending sentencing at the lowest end of the applicable Guideline range [Id. at 35 – 36], the Court sentenced petitioner to one hundred and eighty-eight (188) months imprisonment with credit for time served since October 17, 2013, to be served consecutively to any previous state

---

[4] In addition to the Count Five felon in possession charge he pled to, the petitioner was charged with three counts of distributing heroin and one count of possession with intent to distribute heroin. See PSR, ECF No. 48 at 3. These four charges were dismissed in accordance with the plea agreement.

sentences, including his conviction in Berkeley County Circuit Court Case 12-F-248, to be followed by five years' supervised release. Id. at 36 – 37.

## B. Direct Appeal

Petitioner timely appealed, raising two issues: 1) that he was improperly found to be an Armed Career Criminal and that 2) his sentence was unreasonable. On September 25, 2014, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed petitioner's sentence. ECF No. 63. Petitioner did not seek to petition for writ of *certiorari.*

## C. Federal Habeas Corpus

**Petitioner's Contentions**

In his original federal habeas corpus motion, the petitioner raises three grounds for relief:

**1)** his sentence was a violation of the Armed Career Criminal Act ("ACCA") because he did not qualify for an ACCA sentence;

**2)** counsel was ineffective before and during the plea and at sentencing;

**3)** the Court did not ensure that his plea was properly taken or accepted, because petitioner did not fully understand his rights or the full consequences of the plea.

The petitioner makes no specific request for relief.

**The Government's Response**

**1)** Petitioner is precluded from re-raising the issue of his sentencing as an Armed Career Criminal in a §2255 motion, because he has already raised it on appeal;

**2)** petitioner's ineffective assistance of counsel claims do not meet the preponderance of evidence standard of Strickland v. Washington.[5]

**3)** A review of the transcript of the Rule 11 hearing reveals that the petitioner has not established that his claim that his plea was not freely, intelligently, and voluntarily made.

**Petitioner's supplement to his original federal habeas corpus motion**

---
[5] Strickland v. Washington, 466 U.S. 668 (1984).

In the petitioner's supplement to his original federal habeas corpus motion, he contends that

**4)** the holding of Johnson v. United States, that the "residual clause" of the ACCA is unconstitutionally vague, applies to his case, and that the Supreme Court's recent decision in Welch v. United States,[6] 136 S.Ct. 1257, 2016 WL 1551144 (2016), holds that the Johnson decision is a substantive, rather than procedural decision. ECF No. 84.

### III. Analysis

#### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

#### B. Barred Claims

Before evaluating the merits of petitioner's claims, the Court must determine which of his issues he may bring in his §2255 motion and which are barred either because they are not appropriately raised in a §2255 motion or because petitioner's failure to raise them on direct appeal is not excused.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). Further, Constitutional errors that were

---

[6] Welch v. United States, 136 S.Ct. 1257, 2016 WL 1551144 (2016).

capable of being raised on direct appeal but were not may be raised in a §2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Here, petitioner's Ground One claim that his sentence violates the ACCA has already been raised and rejected on appeal;[7] thus, it normally would be barred by the mandate rule and could not now be re-litigated in a collateral attack. Boeckenhaupt, 537 F.2d at 1183; see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). However, because petitioner's Ground Four claim, made in his supplement to his § 2255 motion is a claim for ACCA sentencing relief under Johnson, a decision that did not exist at the time he filed his appeal, it will be given review.

Petitioner's Ground Three claim that the Court did not ensure that his plea was properly taken or accepted,[8] in addition to being unsupported by the record, is procedurally barred, because it is a Constitutional error that could have been raised on direct appeal but was not. Petitioner has not even alleged, let alone demonstrated any "cause" to excuse his procedural

---

[7] United States v. Collins, 583 Fed. Appx. 234 (2014).

[8] Petitioner contends that his "despite his severely limited comprehension of the proceeding," he was not "advised of the full consequences and effect of his plea" and the "Court's plea colloquy was flawed" because it did not ensure that petitioner was competent and his plea voluntary. ECF No. 73-1 at 2.

default for not doing so, nor has he attempted to show any "actual prejudice" resulting from the alleged error.  Maybeck, *supra* at 23 F.3d 891.

C. Timeliness

Petitioner raised his Ground 4 claim for the first time in his motion to amend or supplement his amendment/supplement, § 2255 motion construed here as a supplement to his § 2255 motion.  His supplement was dated June 24, 2016 and was filed June 30, 2016, almost fourteen months after the government had already filed its responsive pleading. However, petitioner's conviction became final one year after December 24, 2014.  Therefore, the amendment/supplement was not filed within the one year limitation period.  While leave to amend is freely given pursuant to Fed.R.Civ.P. 15(a) when an amendment is filed before a responsive pleading is served, here, petitioner filed his motion seeking leave to amend and/or supplement almost fourteen months after the Government's April 23, 2015 response.  The undersigned finds that the claim could therefore be time-barred from consideration, <u>unless</u> found to "relate back" to petitioner's original pleading.

Rule 15(c)(2) of the Federal Rules of Civil Procedure provides for the relation back of amendments to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading."  The Supreme Court has held that "relation back" is proper only where "the original and amended petitions state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Petitioner's original motion Ground One involved facts relating to his enhanced sentence under the ACCA. His new Ground Four claim regarding the impact of the Johnson decision on his ACCA status, therefore, is "tied to a common core of operative facts" and thus "relation

back" is proper. The fact an amended claim arises out of the same trial or sentencing proceeding as a claim in the original pleading does not render it arising out of the same "conduct, transaction, or occurrence" as that original claim. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). Rather, relation back is proper only when the conduct, transaction or occurrence of the amended claim is of the same "time and type" as that of the original claim. Id. at 318, *quoting* United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999). The Court finds petitioner's Ground 4 claim arises out of the same "time and type" of conduct, transaction or occurrence set forth in his original Ground One claim.

**D. Petitioner's ACCA sentence and the Johnson decision**

In Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The Supreme Court struck the ACCA's residual clause for being unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

> The ACCA's "residual clause" defines a "violent felony" as a crime punishable
> 
> . . . by imprisonment for a term exceeding one year . . . that
> 
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added).

The closing words of this definition, bolded and italicized above, have come to be known as the Act's "residual clause," held by the <u>Johnson</u> Supreme Court to violate due process when used to impose an increased sentence. 135 S.Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of *certiorari* to resolve a split in the circuits as to whether Johnson applied retroactively to the sentences of defendants whose convictions had become final. <u>Welch v. United States</u>, 136 S.Ct. 790 (2016). On April 18, 2016, the Supreme Court determined that <u>Johnson</u> changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016).

Here, however, such an analysis is not required in the instant case. Petitioner's instant and first § 2255 was timely filed before the Supreme Court's <u>Johnson</u> decision was issued, and his <u>Johnson</u> claim, although not raised until his June 20, 2016 supplement to his § 2255 was filed, relates back to his original claim challenging his ACCA sentence enhancement. More significantly for this analysis, however, petitioner's predicate convictions were not convictions under the ACCA "residual clause." Petitioner's three prior convictions which resulted in his ACCA status were all felony convictions for controlled substances, not convictions for crimes of

violence under the residual clause. The first conviction was for "CDS[9] – Manufacture/Distribute/Dispense Narcotic" involving heroin, in the Circuit Court for Baltimore City, Maryland, Case No. 104149040. PSR, ECF No. 48, ¶59 at 12. The second was for "CDS – Manufacture/Distribute/Dispense – Narcotic," involving cocaine, in the Circuit Court for Baltimore City, Maryland, Case No. 104189024. Id., ¶60 at 12. The third was for "Attempt – CDS Manufacture/Distribute – Narcotic" involving heroin, in the Circuit Court for Baltimore City, Maryland, Case No. 806307014. Id., ¶62 at 13. All three of these offenses had statutory maximum sentences of 10 years or more. See Id. at 12 – 13. Accordingly, the petitioner was not adjudged an Armed Career Criminal based on the definition of crime of violence as set forth in the ACCA's residual clause, and as such, his argument that Johnson renders his enhanced sentence void lacks merit.

### E. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

---

[9] CDS refers to "controlled dangerous substances" under Maryland law.

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

**Ground 2: Counsel was ineffective before and during the plea and at sentencing**

Petitioner asserts that counsel was ineffective before and during plea negotiations and at sentencing. However, because the petitioner did not reply to the government's response, the only argument in support of these claims is contained in his memorandum in support attached to his court-approved form petition. The sum total of those arguments is that counsel failed "to render adequate legal assistance" [ECF No. 73 at 17]; "denied [him] effective assistance of counsel at his trial" and "failed to make pretrial objections to the sufficiency of his indictment." Id. at 18.

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). "In order to obtain an evidentiary hearing on an ineffective assistance claim -- or, for that matter, on any claim -- a habeas petitioner must come forward with some

evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* Yeatts v. Angelone, 166 F.2d 255 (4th Cir. 1999).

As an initial point, petitioner's memorandum in support of these claims is merely boiler plate legal argument and unsupported, conclusory allegations which contradict the facts in the record. It is apparent that counsel could hardly have provided ineffective assistance at *trial,* given that there was no trial; petitioner entered a plea. Petitioner nowhere elaborates on his claim that counsel failed to challenge the sufficiency of the indictment, beyond asserting the claim. Further, petitioner has offered nothing to explain in what way counsel was ineffective before or during the plea negotiations, let alone at sentencing. Further, petitioner's claim of counsel's ineffectiveness at sentencing is belied by the record, which reveals that the first sentencing hearing was continued to a later date, solely because of counsel's vigorous advocacy on petitioner's behalf, objecting to and challenging the PSR's representations regarding the predicate convictions for the petitioner's ACCA status. Moreover, at both his plea hearing and at that second sentencing hearing, the petitioner specifically testified under oath that he was satisfied with counsel's representation; that counsel had left nothing undone; and that counsel had done a good job for him. ECF No. 57 at 20 and ECF No. 58 at 4 - 5. Finally, the record reveals that counsel argued vigorously on petitioner's behalf at the second sentencing hearing for a mandatory minimum sentence below the Guideline recommendation.

Accordingly, these claims are merely unsupported allegations that not only are insufficiently pled, they are unsupported by the record and lack merit. As such, petitioner has

failed to show by a preponderance of evidence that he is entitled to relief and these claims should be denied.

## IV. Recommendation

For the reasons set forth in this opinion, the undersigned recommends that the Court **DENY** petitioner's pending second motion to appoint counsel [ECF No. 82]; construe the petitioner's pending letter motion to amend or supplement his § 2255 motion to include a claim for relief under Johnson v. United States as a motion to supplement his pending § 2255 motion and **GRANT** the motion [ECF No. 84]; and enter an Order **DENYING** the petitioner's § 2255 motion [ECF No. 68 and 73] and **DISMISSING this case with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: July 11, 2016.

                                                     s/s James E. Seibert  
                                                    JAMES E. SEIBERT  
                                                    UNITED STATES MAGISTRATE JUDGE